## WILLIAMS v. LOCICERO.
### No. 14260.

Court of Appeal of Louisiana. Orleans.
June 27, 1932.

McCloskey & Benedict, of New Orleans, for appellant.

Johnston Armstrong, of New Orleans, for appellee.

JANVIER, J.

This is an action ex delicto against a property owner for personal injuries caused by the falling of a window shutter attached to a building belonging to defendant. Plaintiff was a passerby, and we find no serious defense on the question of liability.

However, the transcript, except for the records of the Charity Hospital, which were introduced in evidence, contains practically no testimony as to the extent of the injuries.

When the offer of the Charity Hospital records was made, it was objected to by counsel for defendant on the ground that the records constitute hearsay and are not admissible in evidence. The objection was overruled by the district judge, and the records were admitted. When the matter came up for argument in this court, counsel for appellee conceded that the ruling of the district judge, in permitting the records to be introduced, was erroneous and, he also conceded that, if those records are excluded, the transcript is fatally deficient in so far as proof as to the quantum is concerned, and, in a motion filed before us. he asks that we remand the case for further evidence.

 That the Charity Hospital records should not have been permitted to be introduced we have held on two occasions. Dolan v. Metropolitan Life Ins. Co., 11 'La. App. 276, 123 So. 379; Mrs. Louise Ayo, Wife of Ragland v. Steve Holzenthal (La. App.) 141 So. 92.

 Since the exclusion of those records will make it impossible for us to determine the extent of plaintiff's injuries and since there can be no doubt that there is liability, we believe that in the interests of justice the matter should be remanded for the introduction of proper evidence as to the extent of plaintiff's injuries.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that the matter be remanded to the district court for further evidence according to law and not inconsistent with the views herein expressed; appellee to pay the costs of this appeal.

Reversed and remanded.

WESTERFIELD, J., absent, takes no part.